UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>ALEXIS RAMOS | Crim. No. 3:11cr1 (JBA)<br><br>August 12, 2015 |

**RULING DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On August 14, 2012, Defendant Alexis Ramos pled guilty to conspiring to distribute and possess with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846. He was sentenced [Doc. # 705] on January 29, 2013 to 100 months' imprisonment. He now moves [Doc. # 825], pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, for a reduction in his sentence. For the following reasons, his motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id*. (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). "At step two, '§ 3582(c)(2) instructs a court to consider any applicable § 3553(a)

factors[1] and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id*. (quoting *Dillon*, 560 U.S. at 827).

Mr. Ramos contends that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. In Mr. Ramos's case, however, the Amendment does not operate to reduce his sentence.

Mr. Ramos's total offense level under the Sentencing Guidelines was originally 31. Applying Amendment 782's two-level reduction yields an amended total level of 29, which when combined with Mr. Ramos's criminal history category of V, results in a sentencing range of 140 to 175 months' imprisonment. However, Mr. Ramos's current sentence is 100 months, below the bottom of the revised sentencing range.[2]

---

[1] These factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed. . .;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for. . .;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
(7) the need to provide restitution to any victims of the offense.

[2] The Guidelines range for Mr. Ramos was originally 168 to 210 months' imprisonment, but the Court departed downward, imposing a sentence of 100 months because "defendant has no history of violence or gang leadership," "[h]is remorse is sincere," and a sentence of 100 months "is sufficient to meet all the § 3553(a) goals." (Stmt. of Reasons [Doc. # 826-3] at 3.)

Because the Court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), Mr. Ramos is not eligible for a reduction in his sentence under § 3582. Accordingly, his Motion [Doc. # 825] to Reduce Sentence is DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of August, 2015.